NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLY FINANCIAL INC., <br><br> Plaintiff, <br><br> v. <br><br> HACKENSACK CHEVROLET, LLC, et al. <br><br> Defendants. | Civil Action No. 12-3298 (ES) <br><br> MEMORANDUM OPINION AND ORDER |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court by way of Plaintiff Ally Financial Inc.'s ("Plaintiff" or "Ally") Motion for Summary Judgment against *pro se* Defendant Dana Pristavec ("Defendant" or "Ms. Pristavec").[1] (D.E. No. 61). On July 16, 2014, this Court heard oral argument on Plaintiff's motion.[2]

Whereas the Court has carefully considered Plaintiff's moving papers, Defendant's opposition papers, Plaintiff's reply papers as well as Plaintiff's arguments made at oral argument; and it appearing that:

---

[1] Ms. Pristavec was represented by counsel in this matter until October 21, 2013, when the Court granted Robert Prignoli, Esq.'s motion to withdraw as attorney for Ms. Pristavec. (D.E. No. 63). Despite being advised of her obligation to retain new counsel, (*see* D.E. No. 65), Ms. Pristavec did not do so and, instead, has proceeded as a *pro se* litigant.

[2] Ms. Pristavec was notified of the date and time of oral argument via a Letter Order dated May 21, 2014, sent via Certified Mail, (D.E. No. 73), for which the Court received a return receipt, signed by Ms. Pristavec on May 28, 2014. (D.E. No. 75). The Court also communicated notice of the oral argument to Ms. Pristavec via e-mail using the e-mail address that Ms. Pristavec used to send an e-mail to Plaintiff. Ms. Pristavec's failure to appear for oral argument was not the first time she failed to appear for a scheduled hearing. Ms. Pristavec previously failed to appear for a court-ordered conference on June 17, 2014. (*See* D.E. No. 71).

1. On June 1, 2012, Ally initiated the above-captioned action against Defendants Hackensack Chevrolet, LLC ("Hackensack Chevrolet"), Vincent Sirabella ("Sirabella"), Joseph Bulna, Mohammed Ali and Ms. Pristavec, relating to Ally's financing of numerous vehicles. (*See* D.E. No. 1, Complaint ¶¶ 1-2).[3]

2. On June 18, 2012, the instant action was administratively terminated pending the outcome of bankruptcy proceedings involving all Defendants. (D.E. No. 20).

3. On August 27, 2012, the instant action was reinstated with respect to Defendants Sirabella and Ms. Pristavec. (D.E. No. 23).

4. On September 27, 2013, Ally moved for summary judgment on all claims against Ms. Pristavec and for a judgment in the amount of $1,500,512.10, inclusive of principal payments in the amount of $945,564.53, interest/insurance of $121,379.07, attorney fees of $419,587.71 and disbursements of $13,980.79.

5. Pursuant to L. Civ. R. 56.1(a), Ally submitted a statement of material facts not in dispute with its motion for summary judgment. (*See* D.E. No. 61-3, ("SUMF")). In sum, Ally's SUMF provides, *inter alia*, that:

    - Hackensack Chevrolet owned and operated a Chevrolet vehicle franchise in Hackensack, New Jersey where it sold new and used vehicles and operated a parts and service department. (SUMF ¶ 1-2).

    - Ally and Hackensack Chevrolet entered into a "Wholesale Security Agreement" pursuant to which Ally financed Hackensack Chevrolet's purchase of new and used cars, trucks, and chassis from manufacturers or distributors, with Ally making payment directly to the manufactures and distributors. (*Id*. ¶ 3).

---

[3] Defendants Hackensack Chevrolet, LLC, Joseph Bulna and Mohammed Ali have been terminated from this case as a result of filing for bankruptcy. (D.E. Nos. 18, 32). Defendant Sirabella has not answered or otherwise responded since the reinstatement of this action, and Ally has not moved for entry of default against Defendant Sirabella.

- In connection with the Wholesale Service Agreement, Ally acquired and relied upon the individual, personal and unconditional Guaranty of Ms. Pristavec, a principal of Hackensack Chevrolet. (*Id*. ¶ 14).

- Ms. Pristavec, a sophisticated business person, having the opportunity to be represented by counsel, understood the nature and consequences of executing the Guaranty and executed said Guaranty on or about March 1, 2010. (*Id*. ¶ 14-15).

- Pursuant to the Guaranty, Ms. Pristavec personally and unconditionally guaranteed the payment of all of Hackensack Chevrolet's indebtedness and obligations to Ally. (*Id*. ¶ 16).

- On May 24, 2012, Defendant Sirabella informed Ally that Hackensack Chevrolet could not pay the outstanding sums due to Ally. By letter dated May 25, 2012, Ally declared Hackensack Chevrolet in default and demanded payment of all sums then due. (*Id*. at ¶ 22).

- Hackensack Chevrolet has failed to repay all outstanding sums due to Ally and Ms. Pristavec, as guarantor, has also not paid Ally any sums due. (*Id*. ¶ 26-27).

- Hackensack Chevrolet owes Ally the total amount of $1,500,512.10, inclusive of interest, late fees and dealer finance income. (*Id*. ¶ 29).

- As part of an application for a preliminary injunction, filed on or about June 21, 2012, seeking to restrain Defendants Hackensack Chevrolet and Vincent Sirabella from transferring any assets of Hackensack Chevrolet and to appoint herself as receiver of Hackensack Chevrolet, Ms. Pristavec acknowledged, under oath, that she personally guaranteed all of Hackensack Chevrolet's obligations to Ally. (*Id*. ¶ 29).

6. On February 7, 2014, Ms. Pristavec filed an Opposition to Plaintiff's summary judgment motion. (*See* D.E. No. 67, Dana Pristavec's Opposition to Plaintiff's Motion for Summary Judgment ("Pristavec Opp.")).

7. In her Opposition, Ms. Pristavec argued—as the sole reason why summary judgment should not be entered against her—that on or about April 26, 2012, she sold her membership interest in Hackensack Chevrolet LLC to defendants Vincent J. Sirabella and Wanda Diaferia. (Pristavec Opp. at 1-2). Ms. Pristavec averred that she emailed Ally on May 16, 2012, informing Ally of the aforementioned sale and requesting that Ally e-mail her "my

3

guarantee paper work [I] will no longer be responsible for any business transactions of the dealership as of April 21, 2012." (Pristavec Opp. at 1, 15).

8. Ms. Pristavec did not submit a Counter Statement of Undisputed Material Facts with her Opposition papers, as required by L. Civ. R. 56.1(a). Ms. Pristavec also did not object elsewhere in her opposition submissions to any of Ally's statements of undisputed facts.

9. The Court finds that Ally has met its burden on summary judgment by presenting evidence that the terms of the Guaranty signed by Ms. Pristavec are such that the Guaranty was to remain effective until forty eight (48) hours after receipt by Ally of written notice of Ms. Pristavec's intention to terminated the Guaranty, with the guarantor remaining liable for all obligations incurred by Hackensack Chevrolet prior to the effective date of such notice. (*See* D.E. No. 61-1, Exhibit 5 (Ms. Pristavec's Guaranty)).

10. Ally represented during oral argument that, for purposes of the instant motion, Plaintiff does not object to the finding that Ms. Pristavec's May 16, 2012 e-mail constituted adequate notice of her intention to terminate her Guaranty.

11. Ally presented competent evidence—evidence that Ms. Pristavec has not objected to or otherwise controverted—that, as of May 18, 2012 (the effective date of Ms. Pristavec's notice of termination of the Guaranty), Hackensack Chevrolet was liable to Ally for principle payments in the amount of $817,723.20, interest in the amount of $110,969.81, late fees of $3,692.78 and dealer finance income in the amount of $20,235.09 for a total amount due of $958,777.94.

12. The Court finds that, pursuant to Fed. Rule Civ. P. 56(e)(2) and L. Civ. R. 56.1(a), the material facts proffered by Ally are undisputed for the purposes of the instant motion.

13. The Court finds that Ms. Pristavec's sale of her membership interest in Hackensack Chevrolet LLC did not, as a matter of law, constitute notice of her intention to terminate the Guaranty. Instead, the Guaranty could only be terminated in the manner prescribed therein, as described above. *See Mount Holly State Bank v. Mount Holly Wash. Hotel, Inc.*, 532 A.2d 1125, 1128 (N.J. Super. Ct. App. Div. 1987) (holding that the lender was entitled to judgment against guarantor because guarantor's sale of ownership interest in hotel did not terminate personal guarantee).

14. The Court finds, as a matter of law, that Ms. Pristavec's e-mail to Plaintiff dated May 16, 2012, provided the requisite written notice of her intention to terminate the Guaranty.

15. The Court finds that there is no genuine issue of material fact in dispute regarding Ms. Pristavec's liability to Ally pursuant to the Guaranty she executed on March 1, 2010, for the debts incurred by Hackensack Chevrolet up to and including May 18, 2012. Ally is, therefore, entitled to judgment as a matter of law.

Accordingly, IT IS on this 11th day of August 2014,

**ORDERED,** for the reasons articulated herein, that Plaintiff Ally Financial Inc.'s motion for summary judgment, (D.E. No. 61), is **GRANTED**.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

5